**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Chen Yu,<br><br>Petitioner<br>v.<br><br>Todd Blanche, et al.,<br><br>Respondents | Case No.: 2:26-cv-02303-JAD-EJY<br><br>**Order Denying Habeas Petition and Closing Case**<br><br>[ECF No. 7] |

Petitioner Chen Yu is a Chinese citizen who came to the United States in 2023, was detained by Immigration and Customs Enforcement (ICE) officials in March 2025, and was ordered removed on December 1, 2025. In April 2026, local law enforcement took custody of Yu until July 7, 2026, when ICE re-detained him. Yu has been in immigration custody at the Nevada Southern Detention Center (NSDC) ever since.

Yu seeks release from custody, contending that he has been subject to prolonged detention in violation of the principles articulated in the Supreme Court case *Zadvydas v. Davis*.[1] The government responds that it is actively pursuing Yu's removal to China and that it had the travel documents to remove him but could not act on them because they expired while Yu was in state custody. Because Yu has not shown good reasons to believe that he will not be removed in the reasonably foreseeable future, I deny his petition and close this case.

## Background

Petitioner Yu Chen is a Chinese citizen who came to the United States on July 2, 2023, and submitted an application of asylum.[2] He was arrested on fraud charges in Arizona on March

[1] *Zadvydas v. Davis*, 533 U.S. 678 (2001).

[2] ECF No. 7-2 at 4.

21, 2025, and ICE officials took him into immigration custody the next day and initiated removal proceedings against him.[3] His asylum application was denied and he was ordered removed on December 1, 2025.[4] Yu waived his right to appeal that decision, so it became final that same day.

ICE officials requested and received travel documents from China to effectuate Yu's removal,[5] but before ICE could remove him, Yu was transferred to Nevada state custody on April 17, 2026, because he was charged with three counts of felony theft.[6] Yu pled guilty to those charges[7] and was later returned to ICE custody on July 7, 2026.[8] By then, Yu's travel documents had expired.[9] Counsel for the respondents represent that ICE officials are in the process of obtaining a new travel permit and they expect that it will be obtained soon.[10]

## Discussion

### A. This court has jurisdiction to order relief related to the petitioner's habeas petition.

The constitution provides that the writ of habeas corpus is "available to every individual detained in the United States."[11] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines

---

[3] *Id.*

[4] ECF No. 7-1.

[5] ECF No. 12-1.

[6] ECF No. 7-3 at 4.

[7] ECF No. 7-2.

[8] ECF No. 7-3 at 4.

[9] ECF No. 12-1 (permit for entry into China, to expire three months from March 20, 2026).

[10] ECF No. 12 at 3.

[11] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).

that the petitioner is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under the United States's immigration laws.[12]

**B. This nation's immigration laws permit a noncitizen's detention pending removal, but that detention period should not exceed six months without a significant likelihood of removal in the reasonably foreseeable future.**

***1. The government has authority to detain noncitizens after they have been ordered removed.***

The Immigration and Nationality Act (INA) and its implementing regulations establish a complex set of rules governing the government's authority to arrest, detain, order removed, and deport noncitizens. 8 U.S.C. § 1231(a) governs the detention of noncitizens who have been ordered removed. It establishes a 90-day "removal period" that begins on "(i) the date the order of removal becomes administratively final, (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order," or (iii) the date the noncitizen is released from non-immigration detention.[13] During that 90-day period, detention is mandatory.[14] The statute gives the government the ability to detain a noncitizen beyond that removal period under § 1231(a)(6) if he is inadmissible, removable "as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy,"[15] or has been determined "to be a risk to the community or unlikely

---

[12] *Zadvydas*, 533 U.S. at 687.

[13] 8 U.S.C. § 1231(a)(1)(B).

[14] 8 U.S.C. § 1231(a)(2)(A).

[15] *Zadvydas*, 533 U.S. at 682.

to comply with the order of removal."[16] If those conditions aren't met, the government may release the noncitizen "subject to certain terms of supervision."[17]

### 2. *The Supreme Court has limited the government's statutory authority to indefinitely detain noncitizens awaiting removal.*

Section 1231(a)(6) contains no limit on the length of time that a noncitizen may be held after his removal order becomes final. But in *Zadvydas v. Davis*, the United States Supreme Court rejected the government's contention that noncitizens can be held indefinitely under § 1231(a)(6) because that interpretation "would raise a serious constitutional problem" under the Fifth Amendment's due-process clause.[18] To avoid its constitutional concerns, the High Court interpreted the statute to permit continued detention only if a noncitizen's removal is "reasonably foreseeable."[19] It determined that six months of post-removal-period detention is presumptively reasonable.[20] But after six months, the noncitizen must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" to show that his prolonged detention exceeds the government's statutory authority and that he should be released from ICE custody.[21] If the noncitizen meets that burden, "the government must respond with evidence sufficient to rebut that showing."[22] And as "the period of prior post-removal

[16] 8 U.S.C. § 1231(a)(6).

[17] *Zadvydas*, 533 U.S. at 682 (quoting 8 U.S.C. § 1231(a)(6)) (cleaned up).

[18] *Id.* at 690.

[19] *Id.* at 699.

[20] *Id.* at 701.

[21] *Id.*

[22] *Id.*

confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."[23]

### *3. Yu has not shown good reasons to believe that he will be removed in the reasonably foreseeable future.*

Yu has been in immigration custody subject to a final removal order for approximately seven-and-a-half months.[24] So Yu bears the initial burden of showing that there are "good reason[s] to believe that there is no significant likelihood of removal in the reasonably foreseeable future."[25] To meet that burden, Yu contends that he has been detained for more than six months, "there are no specific plans to deport [him] to China, and no third country designation has been made."[26] In his reply, he acknowledges that travel documents were issued for his removal, but he contends that the government could have removed him between the date the documents were issued (March 20, 2026) and the date he was transferred to state custody (April 17, 2026), and ICE's failure to do so indicates that removal is not likely. Yu also argues that obtaining travel documents in the past does not establish that similar documents will be obtained in the future.

I find that Yu cannot show good reasons to believe his removal is not likely in the reasonably foreseeable future. The government has already obtained travel documents for his removal to China once and was stymied only by Yu's transfer to state custody. The fact that it did not take steps to remove him in the approximately 28 days before his transfer does not

---

[23] *Id.* (cleaned up).

[24] I do not include the time Yu was in custody while his immigration proceedings were pending or the time Yu was in state custody in my calculation.

[25] *Zadvydas*, 533 U.S. at 701.

[26] ECF No. 7 at 8.

suggest that he was unable to removed. Arranging the logistics for a noncitizen's removal takes some time, but that does not indicate that the removal was unlikely to occur if not for his transfer. And counsel for the respondents have represented that ICE expects to obtain travel documents "in short order," which would be consistent with their initial success in obtaining those documents from China. So I find that Yu has not met his burden to show that his removal isn't significantly likely in the reasonably foreseeable future. And even if he had, I find that the government has rebutted that showing with evidence that his removal is foreseeably likely. So I deny Yu's petition and close this case.[27]

**Conclusion**

IT IS THEREFORE ORDERED that Chen Yu's amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 7] is DENIED**. The Clerk of Court is directed to **CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
October 7, 2026

[27] Yu also contends that the respondents have an unconstitutional third-country-removal policy. ECF No. 7 at 9. But he presents no evidence that ICE is contemplating Yu's removal to a third country. It appears instead that ICE is steadfastly focusing on obtaining travel documents from China. So I find that Yu does not have standing to challenge the government's policy on third-country removal and deny Yu's request for relief on that basis, too.